# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CHRISTOPHER BROCK-JONES,

    Plaintiff,

v.                                                          Case No:   6:24-cv-1298-JSS-LHP

SKY LIMIT EQUIPMENT, LLC and
SAMUEL KOFI BARRINGTON,

    Defendants

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT (Doc. No. 33)**
>
> **FILED:** November 25, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff seeks Clerk's default against Defendant Sky Limit Equipment, LLC ("SLE"), stating that he made diligent efforts to serve SLE but could not, and thus Plaintiff has executed service on the Florida Secretary of State in compliance with

Florida law. Doc. No. 33; *see* Fla. Stat. §§ 48.062(4), 48.161. Upon review, however, Plaintiff fails to show due diligence as required for substitute service on the Florida Secretary of State.

Under Florida law, "[i]f, after due diligence, a party is unable to serve a limited liability company's registered agent, and if the only person listed publicly on the company's latest annual report is also the registered agent on whom service was attempted, then 'service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic limited liability company.'" *McKesson Corp. v. Benzer KY 1 LLC*, No. 8:24-cv-1256-WFJ-SPF, 2024 WL 4695871, at *2 (M.D. Fla. Nov. 6, 2024) (quoting Fla. Stat. § 48.062(4)). Florida law defines "due diligence" in this context as the party:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
>
> (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
>
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. § 48.161(4).

Here, Plaintiff attempted to serve SLE through its registered agent and co-Defendant, Samuel Kofi Barrington, at SLE's business address listed with the Florida Department of State.[1] Specifically, Plaintiff served "Cathy Hayford as Manager" at the business address on July 25, 2024. Doc. Nos. 12, 13. But after the Court questioned the propriety of service on "Cathy Hayford as Manager," Doc. No. 14, Plaintiff elected to abandon that service and again attempt to serve SLE via Defendant Barrington on three occasions over a nine-day period at the business address: 9/16/2024, 9/19/2024, and 9/25/2024. Doc. Nos. 21, 24; *see also* Doc. No. 18. Defendant Barrington was not at the location on the first attempt, and the door to the business was locked on the latter two attempts. Doc. Nos. 21, 24.

The Court does not find this to constitute due diligence sufficient to allow substitute service on the Secretary of State for two reasons. First, the docket reflects that service was effected on Defendant Barrington personally at the same address for SLE on August 26, 2024. Doc. No. 15. This goes unmentioned in Plaintiff's motion, and cuts against the argument that service could not be effected on SLE by service on Defendant Barrington at the same address. The Court notes that SLE is an active Florida LLC.

---

[1] Records for SLE are available at on the website for the Florida Department of State, https://search.sunbiz.org/Inquiry/CorporationSearch/ByName, by typing "Sky Limit Equipment, LLC" into the "entity name" field.

Second, the three service attempts over a nine-day period at the business address, without more, are not enough to show diligence.[2] For example, there is no claim that Plaintiff tried to serve an employee of Defendant Barrington in his absence. *See* Fla. Stat. § 48.091(4). Nor does Plaintiff provide, other than these three attempts, evidence that he diligently made inquiry into other ways to serve Defendant Barrington, to the extent that Plaintiff believes service on Defendant Barrington himself was required. Doc. No. 33; *see ASAP Tree Serv. LLC v. L.A. Disaster Relief, LLC*, No. 3:21-cv-961-TJC-JBT, 2022 WL 3596957, at *3 (M.D. Fla. May 18, 2022) ("[W]hen attempting to serve an LLC, courts have required plaintiffs to not merely rely on an address that a defendant lists for its registered agent, member, or manager; instead, plaintiffs must demonstrate that they took the initiative to locate alternate addresses at which to serve those individuals by using 'obvious and available' resources." (citation and quotation marks omitted)); *Florio v. Success Agency LLC*, No. 17-80557-CV, 2017 WL 8897130, at *5 (S.D. Fla. Oct. 30, 2017) ("The 'reasonable diligence' that must be exercised is in locating alternate addresses at which to serve the registered agent, not in the number of times service was attempted at the same address.").[3]

---

[2] The Court notes that the two service attempts where the door was locked were at the same time of day—2:06 pm. and 2:10 p.m. Doc. Nos. 21, 24.

[3] The Court also notes that while Plaintiff proceeds solely under Florida law, that is

- 4 -

Thus, because "Plaintiff has not shown that he has met the conditions required to complete service of process on the Secretary of State pursuant to sections 48.062 and 48.161," the motion is due to be denied without prejudice. *See Tom v. 7Th Ace, LLC*, No. 6:24-cv-761-JSS-DCI, 2024 WL 4433460, at *2 (M.D. Fla. Oct. 7, 2024) (denying without prejudice clerk's default where the plaintiff served the LLC defendant by substitute service on Secretary of State, the plaintiff relied on three prior attempts without explanation or evidence of evasion, and thus the plaintiff had not met the conditions required to effect substitute service on the Secretary of State); *see also Pasteur v. Arc One Protective Servs. LLC*, No. 6:23-cv-1479-CEM-DCI, 2023 WL 8079700, at *3 (M.D. Fla. Nov. 21, 2023) ("Plaintiff must justify the use of substitute service by demonstrating Plaintiff reasonably employed knowledge at [the plaintiff's] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable [the plaintiff] to effect personal service on the defendant." (citation and quotation marks omitted)).

Accordingly, the above-styled motion (Doc. No. 33) is **DENIED without prejudice**. Within **seven (7) days** of the date of this Order, Plaintiff shall file a

---

not the only way to effect service on an LLC. *See* Fed. R. Civ. P. 4(h)(1)(B) (allowing service on a business entity by serving "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process").

renewed motion supported by sufficient evidence, argument, and legal authority demonstrating that substitute service on SLE via service on the Florida Secretary of State was proper.   Alternatively, within **seven (7) days** of the date of this Order, Plaintiff shall show cause why the claims against SLE should not be dismissed for failure to timely effect service.   Fed. R. Civ. P. 4(m).

    **DONE** and **ORDERED** in Orlando, Florida on December 9, 2024.

<em>Leslie Hoffman Price</em><br>
LESLIE HOFFMAN PRICE<br>
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties